**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael K. Simpson, | ) | C/A No.: ___2:26-cv-2322-RMG___ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (ERISA) |
| Kansas City Life Insurance Company | ) | |
| and Group Plan for employees of NBM | ) | (Non-jury) |
| Construction Company, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Simpson ("Plaintiff") complaining of Defendants Kansas City Life Insurance Company and Group Plan for employees of NBM Construction Company, Inc. (herein after collectively, "Defendants") would show unto this Court as follows:

**NATURE OF THE ACTION**

1.      This lawsuit stems from a wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.  Plaintiff worked for NBM Construction Company, Inc. ("NBM Construction") from November 18, 2003, until April 5, 2010, as a carpenter. (Administrative R. 18.) Plaintiff became disabled on September 22, 2009, when he injured his lower back at work. (Administrative R. 1055.) In 2010, Plaintiff had back surgery, but the outcome was unsuccessful.  Plaintiff also suffers from Celiac disease.  (Administrative R. 4.) Plaintiff is in constant pain. Plaintiff still participates in pain management therapy and rehabilitation and takes his prescribed medications. (Administrative R. 4.) Plaintiff was seen by Dr. Erich, who signed a restatement on September 18, 2019 stating that Plaintiff could only "sit for 1 hour a time

1

for up to 3 hours a day, stand for 1 hour at a time for up to 3 hours a day and walk for 1 hour at a time for up to 2 hours a day." (Administrative R. 4.) Plaintiff was also seen by Dr. Wildstein who agreed with the restrictions provided by Dr. Erich. (Administrative R. 4.) Defendants granted Plaintiff short-term disability benefits.  Defendants also initially granted him long-term disability ("LTD") benefits, but later denied him LTD benefits beyond November 9, 2019, finding perfunctorily that Plaintiff could perform "any occupation." (Administrative R. 3.) Given the Plan's definition of disability and disabled and their denial of the Plaintiff's ability to perform work, Defendants have wrongfully denied LTD benefits to Plaintiff. He seeks back benefits, clarification of rights to future benefits, prejudgment interest, attorney's fees, costs and expenses, and other equitable remedies from Defendants for their wrongful denial of benefits.

## **VENUE AND JURISDICTION**

2.     Plaintiff is a citizen and resident of McClellanville, South Carolina.

3.     Plaintiff worked in Charleston, South Carolina for NBM Construction.

4.     NBM Construction is a corporation incorporated and licensed to do business in South Carolina.

5.     NBM is the Plan Sponsor of the Group Plan for employees of NBM Construction Company, Inc. ("LTD Plan").

6.     The LTD Plan is an ERISA welfare benefit plan as that term is defined by ERISA, 29 U.S.C. § 1132 (d)(1), *et seq.*

7.     Plaintiff was always a participant in the LTD Plan relevant to this claim for LTD benefits.

8.      Defendant Kansas City Life Insurance Company ("Defendant Kansas Life Insurance"), is a stock insurance company and the underwriting company for Abacus Series.

9.      Defendant Kansas Life Insurance insured the LTD Plan at all times relevant to Plaintiff's claim.

10.     Defendants' refusal to pay Plaintiff LTD benefits was wrongful.

11.     As this action arises out of an employee group welfare benefit plan, the case is governed by ERISA, 29 U.S.C. §§ 1001, *et seq.*

12.     Venue is proper under ERISA as the Plan was administered in Charleston, South Carolina.

13.     This Court has jurisdiction under ERISA.

## FACTS

14.     Plaintiff worked for Defendant NBM Construction as a carpenter for about six years. (Administrative R. 4.)

15.     Plaintiff's job consisted of working on door frames, sheet rock, and "anything as needed." (Administrative R. 314.)

16.     While carrying a beam at his job on September 22, 2009, Plaintiff injured his lower back.  (Administrative R. 1055.)

17.     Plaintiff had to undergo lumbar fusion surgery as a result of his September 22, 2009, injury. (Administrative R. 1055.)

18.     Plaintiff saw Dr. Byron Williams on September 23, 2009, for his injuries. (Administrative R. 1061.)

19.     Dr. Williams noted flank pain and sciatic radiation from the posterior thigh to the knee.  Dr. Williams diagnosed Plaintiff with a lumbar sprain. (Administrative R. 1061.)

20.     On November 11, 2009, after an MRI was done and Plaintiff had been diagnosed with a ruptured disc, Dr. Williams referred Plaintiff to Dr. Michael Wildstein, a spinal orthopedic surgeon picked by the workers' compensation insurer.  (Administrative R. 1061.)

21.     Plaintiff timely made a claim for short-term disability ("STD") benefits from one or more of Defendants.

22.     One or more of Defendants granted Plaintiff's claim for STD and paid him STD for the maximum duration the STD plan allowed.

23.     Plaintiff timely made a claim for LTD benefits from one or more of the Defendants.

24.     The LTD benefits at issue were fully insured by Defendant Kansas City Life at all times relevant to this case. (Administrative R.832-47.)

25.     Defendants awarded Plaintiff LTD benefits on or about October 2, 2010. (Administrative R. 3; 60.)

26.     Dr. Wildstein performed a discectomy, posterior lateral and posterior interbody fusion with a cage placement and interpedicular metallic fixation on March 18, 2011. (Administrative R. 1062.)

27.     On June 17, 2011, Dr. Wildstein reported Plaintiff had continued pain and persistent axial pain. (Administrative R. 1062.)

28.     On August 1, 2011, Plaintiff applied for disability benefits from the federal government through the Social Security Administration. (Administrative R. 997.)

29.     On December 18, 2011, the Social Security Administration notified Plaintiff that he was entitled to monthly benefits starting June 2012. (Administrative R. 1010.)

30.     Dr. Fulcher, Plaintiff's primary care physician, referred Plaintiff to Dr. Alexander, a physiatrist and pain management doctor on January 9, 2012. (Administrative R. 1063.)

31.     On March 15, 2012, Dr. Alexander performed an L5-S1 discogram and on March 28, 2012,  issued Plaintiff a cane, and referred him back to Dr. Wildstein for another surgery. (Administrative R. 1063.)

32.     On October 10, 2012, a medical exam was performed on Plaintiff by Dr. Ahearn of D&D Associates, who was chosen by one or more of the Defendants. (Administrative R. 1061.)

33.     After Dr. Ahearn reviewed the Workers' Compensation First Report, notes and reports from Dr. Williams, and notes and reports from Dr. Wildstein, he concluded that Plaintiff could not return to full-time employment, reasonable accommodations would not improve his functionality to allow him to work, he should not stand over 60 minutes, or walk over 200 yards, he should not do any lifting, and he is disabled. (Administrative R. 1066.)

34.     On January 3, 2014, Dr. Wildstein responded to Defendants' request for clarification and noted that Plaintiff is not able to perform sedentary work on a full-time basis or light work on a full-time basis. (Administrative R. 515-6.)

35.     On October 28, 2019, Dr. Wildstein reported that Plaintiff had degeneration of lumbar intervertebral disc, spinal stenosis of lumbar region, and displacement of lumbar intervertebral disc without myelopathy. (Administrative R. 289.)

36.     Despite all evidence, Defendants denied Plaintiff LTD monthly on November 10, 2019. (Administrative R. 16.)

37.     Plaintiff timely appealed Defendants' denial of LTD benefits. (Administrative R. 4.)

38.     Plaintiff has fully exhausted all administrative remedies. (Administrative R. 6.)

39.     Because Defendants have wrongfully denied Plaintiff the LTD benefits he was entitled to, Plaintiff has had to use his life savings and borrow money from his siblings to keep a roof over the head of his family.  Failure to receive these monthly LTD benefits left him unable to pay taxes on his truck and mobile home on time, forcing him to have to pay more in late fees and penalties.  Also, his  electricity has been cut off approximately numerous times, and he incurred $30.00 re-service fee each time.  He also has incurred many late fee charges -- $15.00 each – for being unable to make his monthly truck payment.

## FOR A FIRST CAUSE OF ACTION
(For benefits, taxable costs, interest, and attorney's fees
pursuant to ERISA,
29 U.S.C. §§ 1132(a)(1)(B) and (g))

40.     The allegations of paragraphs One (1) through Thirty-nine (39) not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

41.     Plaintiff is informed and believes that Defendants' denial of benefits was unreasonable under ERISA, 29 U.S.C. § 1132 (a)(1)(B).

42.     Upon information and belief, Defendants owe Plaintiff more than $23,000.00 in actual benefits through his 65 birthday.

43.     If this Court agrees with Plaintiff that Defendants wrongfully denied him benefits, then Defendants must pay Plaintiff prejudment interest of 8.75 percent compounded since November 10, 2019.

44.     As a result of Defendants' unreasonable denial of benefits, Plaintiff has been forced to incur significant legal fees, costs, and expenses to secure his rightful benefits.

45.     Defendants have the ability to satisfy an award of attorney's fees under 29 U.S.C. § 1132(g) and awarding Plaintiff reasonable attorney's fees would not be a hardship on Defendants.

46.     Awarding attorney's fees would likely deter any continued mismanagement and mishandling of claims for benefits from this Plan so as to prevent this type of situation from occurring to the many other participants in Defendants' Plan, who are eligible for similar additional coverage benefits and would suffer substantial hardships in seeking remedy.

47.     Awarding Plaintiff reasonable attorney's fees is part of the legislative intent of Congress expressed in 29 U.S.C. Section 1001(b) in that ERISA was enacted to protect the interest of welfare plan participants by providing for appropriate remedies and sanction when Plan terms and/or ERISA are violated.

48.     Based upon the foregoing, Plaintiff is entitled to an order declaring the existence of his entitlement to LTD benefits under the Plan; requiring Defendants to provide said benefits; to an order granting Plaintiff reasonable attorney's fees, prejudgment interest, costs, expenses incurred in connection with this lawsuit pursuant

to ERISA, 29 U.S.C. Section 1132(g)(1); and for such other equitable relief as this Court deems just and proper.

**WHEREFORE,** having fully stated his complaint against the Defendants, Plaintiff prays for a declaration of entitlement to the LTD benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

Respectfully submitted,

s/ Nekki Shutt
Nekki Shutt (Fed. Bar No.:6530)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel.  (803) 904-7912
Fax  (803) 904-7910
Nsutt@BurnetteShutt.law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

June 13, 2026